IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK SHERROD | § | |
| VS. | § | CIVIL ACTION NO.   5:19-CV-32 |
| WARDEN, FCI TEXARKANA | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mark Sherrod, a prisoner previously confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends denying the petition for writ of habeas corpus.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). The petitioner contends that the sentencing court failed to properly apply the United States Sentencing Guidelines and that the Bureau of Prisons failed to award him presentence credit for time served in state custody. After careful consideration, the Court concludes the objections are without merit.

First, the petitioner alleges that his federal sentence should have been reduced pursuant to § 5G1.3(c) of the United States Sentencing Guidelines to grant credit toward his federal sentence for time credited to a related sentence imposed by a state court. This claim does not challenge the manner in which the petitioner's sentence is being executed or calculated by the Bureau of Prisons. Rather, the petitioner attacks the legality of the sentence as imposed, based on the sentencing court's alleged failure to apply a provision of the Sentencing Guidelines to reduce the petitioner's federal sentence. A claim challenging the legality of a sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

This court is bound by circuit precedent, which holds that the savings clause of § 2255(e), which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the magistrate judge concluded, the petitioner failed to meet either prong of the *Reyes-Requena* test. The petitioner's claims do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, the petitioner's ground for review is not based on a retroactively applicable Supreme Court decision, and it was not foreclosed at the time of trial. Therefore, the petitioner may not pursue his claim concerning his sentence in a habeas petition filed pursuant to § 2241.

The petitioner contends that the Bureau of Prisons incorrectly calculated his federal sentence by failing to allow him presentence credit in accordance with *Willis v. United States*, 438 F.2d 923,

925 (5th Cir. 1971). A prisoner serving concurrent state and federal sentences is entitled to presentence credit under *Willis* if the expiration date of the state sentence is the same or earlier than the expiration date of the federal sentence. In this case, the petitioner's federal sentence expires before his state sentences. Therefore, *Willis* does not apply to the petitioner's case. The petitioner is not entitled to habeas relief because the Bureau of Prisons correctly calculated his sentence.

### ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**So ORDERED and SIGNED this 21st day of October, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE